Good morning, and may it please the court. I'm Elizabeth Newman, representing Mr. Fidler. I'd like to focus, at least initially, on the FTC supervised release condition this morning. Let me ask you a question about that. One of the standard conditions is you can't commit any other state, federal, or local crimes. As I understand it, violating an FTC, violating an order such as this, a federal order, would be a contempt indictable under Sections 18 U.S.C. 401 and maybe 402. So why is it any more problematic than just the standard boilerplate printed condition? I think there are several reasons why it's more problematic than a standard boilerplate printed condition. I think specifically with respect to contempt, it's too attenuated, it's too expansive to say that the requirement that he obey a court order that hasn't even been entered yet, and the details of which nobody knows, is sort of a proxy for don't commit criminal contempt. But it'll be his legal duty. Certainly. The city could pass an ordinance, or the state could pass a law subsequent to the sentencing. And even though nobody knew about it and it wasn't even, you were permitted to do it when the person got sentenced, he would still be violating a condition if he violated the subsequently passed criminal law. I think there are some differences here, nevertheless, Your Honor, with respect. One of which is that most laws impose prohibitions on someone. But this is a set of conditions that impose affirmative duties, or at least were contemplated to impose affirmative duties as indeed it turned out to be. If he violated this settlement agreement, is that per se a crime, or is it just that the court would have the authority to find Mr. Bidler in criminal contempt? It would potentially have the authority to find him in criminal contempt. It's not, as I see it, a per se crime. And, I mean, that brings up another issue, Your Honor, which I think also goes to Your Honor's question, which is that this is, I mean, if the city were to pass an ordinance, it applies to everybody. But this is something specific. So what? You see, it's looked to me like the only authority you have for this argument is our line of cases saying the judge can't say it's a violation of your conditions if you don't do what the probation officer tells you to do from time to time. But the problem there isn't that it's from time to time, and the problem isn't that it's customized to the individual. The problem is that it's an improper delegation to the probation officer of a decision that the judge is obligated to make. Here, there is no delegation to the probation officer. A court will be reviewing the settlement and signing an order after its independent review of the settlement. So the judge is just saying follow an order that a federal court makes in a related case. Right. That is true. But it's not – I persist in believing that this is not like follow a local law that may be passed by a legislature or follow, you know, an ordinance that may be passed by the city council. It's only related to him. There's no guarantee that it's actually a proper law because he's unrepresented. It's not adversarially tested. And it's also only a prospective – I mean, it's also – Do you have any authority? No, Your Honor. I do not. Why – now that we know the results of the settlement, et cetera, why isn't this just a harmless error because there was nothing in the settlement that gave rise to the parade of horribles that you might anticipate before the settlement was executed? Well, I think the settlement is in some ways still problematic, Your Honor. For one thing, it's not – it's ipso facto not – no greater deprivation of liberty than is reasonably necessary to achieve the goals of supervision. And I say ipso facto because the conditions that the district court actually imposed are less restrictive than at least one of the conditions that's contained in the settlement. And that's the condition with respect to what businesses Mr. Fidler may engage in and whether he needs probation office approval to do it. The condition that the court imposed said he can't engage in these businesses of the same type that he engaged in during his offense conduct for the period of supervision unless his PO approves, which is the kind of safety valve that this court has often pointed to in saying that these conditions are not improper. But the FTC settlement doesn't contain any sort of opt-out or unless there's an approval or anything like that. It says you can't do it and you're permanently enjoined from doing it. Well, let's see. That means he can't do it and he's permanently enjoined from doing it. So he's not allowed to do it. So his liberty is already restricted by the FTC order. The only effect – the effect of the sentencing condition in this case, then, is not to restrict his liberty at all. The effect of the sentencing condition is to subject him to additional criminal punishment for doing something that he's already not allowed to do. Why is that a problem? I don't think that I see it in the same way temporarily. The court says you can't sneak any money out of this fund that you obtained by your crime. And you do. You're not exercising the liberty that you have. I don't really see it that way, Your Honor, for this reason. It's – the court issued its conditions of supervised release, which are, of course, enforceable by a maximum of two years in custody, six months before the FTC ever entered – before the FTC settlement was even finalized. And if I understand the court's comment or question correctly, what the court is saying is why is it a problem when he already knew he couldn't do these things? But it's not the case that he already knew he couldn't do these things. No, it's not the already. You're focusing on the time dimension. Yes. I'm focusing on the liberty dimension. Things can change. For example, all the municipal ordinances that you have to obey. Suppose that you're always allowed to make campfires in the city park, because there's some problems with campfires. They pass an ordinance. It's a misdemeanor to make a campfire in the city park. The sentencing condition, the standard condition, does not impose any additional burden on your liberty, even though you now have less liberty than you did before. The city ordinance imposed the additional restraint on your liberty, and all the criminal sentence does is impose additional punishment for doing what you were not allowed to do. That's what I'm getting at. I think the way I would answer that question, Your Honor, is this. If there's a later restriction on your liberty, it's not the same as what happened here, because the district court has an obligation to make sure that this is no greater deprivation of liberty than is reasonably necessary to satisfy the rules of supervision. And if the court's definition of what's no greater a deprivation of liberty is X, then it is not X plus. And so if the court was going to say, Mr. Fidler, you can never do this no matter what your P.O. says, then that would be something that could have been tested adversarially at the sentencing hearing, which is what is supposed to happen. I think that the issue here, Your Honor, is that sometimes when you look at a case on appeal, you think, well, what was the district court supposed to do? I mean, but here that's not such a problem. Here, you know, the district court could have deferred ruling on the supervised release condition until it was clear what the settlement said. What are you talking about? Could have. Among the things that could have happened is Mr. Fidler could have refused to enter the FTC settlement. Thereby not exposing himself to violating his supervised release conditions in the criminal case. He didn't. If he entered the FTC settlement, why isn't that a waiver of any objection that you're making? Because the FTC settlement, Your Honor, is a civil settlement, and he is here in front of a criminal court in a criminal case facing supervised release. He knew when he entered the FTC settlement that any violation of the FTC settlement could be used to revoke his supervised release and put him back in prison for up to two years. That's right. He didn't have to sign the FTC settlement, did he? Well, Your Honor, perhaps he didn't have to, but here he was, an unrepresented man with a tenth-grade education, and, you know, no lawyers to assist him or to, like, fight back against, push back against the FTC settlement. Does he have any authority that under those circumstances the FTC settlement is not binding on him? No, Your Honor. Of course it's binding on him. The issue, though, is, is it criminally enforceable through a supervised release revocation proceeding when nobody knew at the time of that, that the supervised release conditions were imposed that he might have been? His tenth-grade education didn't prejudice him in selling fraudulent business opportunities very much. We're certainly not, you know, we're certainly acknowledging that he committed the underlying offense, Your Honor, but that doesn't make him a criminal defense lawyer, at least I devoutly hope not. All right. Thank you, Your Honors. Thank you, counsel. May it please the Court. My name is Ellen Lindsey. I'm an assistant United States attorney in Los Angeles. And I was counsel in the court below as well as here. Let me start by telling you my key concern with this case. The district court had an obligation to ensure compliance with 3583D. And I was puzzling, how can the district court ensure compliance with that in considering the conditions of supervised release when he doesn't know what the terms of the FTC settlement are? Why isn't that a fatal error in what the district court did in noncompliance with the statutory requirements? Well, Your Honor, it's my belief that the court did comply with the statutory requirements. I think that often there are conditions of supervised release where the fine details are not before the court at the time of sentencing. But these aren't just fine details like, well, the treatment that you're getting as a sexual offender is going to include this type of test or that type of test. I mean, these — this was a totally open agreement where the court did not know what the terms were, and it could have included anything. So how could the court say, yes, that meets the statutory conditions that it's required to analyze? I think, Your Honor, a couple of reasons. First, the court is required to make sure that the condition relates to the conduct. And I don't think there's any dispute but that the civil action arose from the exact same set of facts as the criminal action. So I think the court could be assured that it would relate to the criminal conduct. And the second is that it wouldn't impose a greater deprivation of his liberty than is necessary for the various statutory provisions. And — Did the court have something before it saying this is the extent of the settlement agreement, it won't go beyond this? How could the court possibly know whether it met the statutory conditions or not if he didn't know what the terms were going to be or the general terms? Did the district court know the general terms of the settlement agreement? The district court did not know the general terms, but I think the question then becomes, as Judge Kleinfeld said, wouldn't he, wouldn't Mr. Fidler have to abide by those conditions anyway because another district court entered them as an order so that they would be — But isn't there a difference between a settlement agreement on the civil side and what penalties you might face and making them a condition of supervised release where you're going to be sent back to jail? I mean, I don't see that argument at all. I think, Your Honor, that it's most analogous to the statutory — one of the possible conditions statutorily that a court can impose, which is 3563B20, that a defendant comply with any court orders that are entered against him regarding child support. I think it's the same — it's no different, really, than that, because in that case, which is statutorily enacted, the court imposing that as a condition of supervised release would not know the fine points of the order entered into by another court regarding child support. Do you have any case suggesting that it is within a district court's authority in imposing conditions of supervised release that they could have a completely open term like this one, complying with a settlement agreement, complying with an agreement entered in some other severe — is there any case that would support this type of term? Well, the — I'm thinking of child support. The — let me have a minute. There is a case that deals with that child support condition. It's United States v. — I don't know how to pronounce it — Lakatos, L-A-K-A-T-O-S. I believe it's cited in my brief, but it's 241 F. 3rd, 690. And it approves that condition of supervised release. And I don't — This was a preexisting child support order? No, Your Honor. It's the statute — if I have it. So do you therefore reject Lakatos' argument that a district court cannot require a defendant to comply with a preexisting child support order as a condition of supervised release? The discretionary conditions of 3563b20 would be that the defendant comply with the terms of any court order or order of an administrative process, blah, blah, requiring payments by the defendant for the support and maintenance of a child. So there's a specific statutory provision allowing this open term in the context of child support, but there's no statutory provision that would allow other sorts of orders? No, Your Honor. I just think it's analogous in that — and there are safeguards. It's not a totally open condition. There are safeguards because the district judge in this case knew that there was a fellow district judge in the same district, respectable judge, overseeing that settlement and that the court order would be issued by him. And also, the defendant would be a participant in negotiating the terms of that. And I think the district court was in a position — this is why there's an abusive discretion standard — the district court was in a position to evaluate Mr. Fidler and see that he's not an elderly, sickly, 10th grade educated, incompetent man. He was an extremely competent man who masterminded a very sophisticated series of frauds. So he would have — he would have a part in negotiating whatever settlement there was, and a district court would be overseeing it. And I think that the child support condition is analogous there. And also, the type of condition whereby a court says, you have to abide by any laws, and then a law could be passed that isn't before the sentencing court. So there are going to be triggering events that will violate a condition of the child support condition. And then, of course, as Your Honor says, now that we know what the settlement is, there really isn't anything particularly onerous in the settlement. So even if it was an error, it would be harmed. Let me ask you something. Does the district judge — as I remember when I was a district judge, I had discretion whether to revoke supervised release in whole or in part, and send the person back to prison for a violation that wasn't automatic. Is that right? Oh, absolutely, Your Honor. I was thinking — walking back from lunch yesterday, I noticed a sign in the park saying you can't smoke in the park. It kind of surprised me that I couldn't sit and smoke my pipe in the park. It's probably something new. If I were on supervised release and I violated that new ordinance, would I go back to jail automatically, or would the judge decide whether my smoking posed a sufficient indication of incorrigibility? Well, Your Honor, if it was my case, I would strenuously argue that you should go back to jail for a very long term for smoking your pipe. Well, California still has it. Obviously, it would be up to the judge. It would be in the judge's discretion. And in my experience, Your Honor, the probation officers really make an effort to work with the defendants. I mean, this isn't pertaining to — But it is discretionary. So it is discretionary. It's discretionary. It would be discretionary what the probation officer would recommend. A probation officer can go back to the court and say, you know, he's violated — technically he's violated, but I think we can address this by an adjustment to the conditions and not even bring the defendant into court. There are many safeguards now granted. The safeguards are not as great as a criminal trial for contempt would be. Obviously, the supervised release violation is going to be easier to prove. The district court would also have the discretion to send Judge Kleinfeld back to jail for the pipe smoking, right? Especially if Judge Kleinfeld had reversed that district judge many times. He might be up there cackling.  Thank you very much, Your Honor. Thank you, counsel. U.S. v. Fischer is submitted. Lingad v. Kirchhoff is submitted. U.S. v. CR Petalos is submitted. U.S. v. Kalish is submitted, and U.S. v. Ponce is submitted. We'll hear a Girasak v. McCasey. Back up. If it please Your Honor, this is James Ponce, your sign language interpreter. I'll be assisting you with your story. If you don't mind, if I stand up so I can sign, that would help the idea. Okay. Thank you.
judges: Kleinfeld, Bea, Ikuta